INVESTORS DIVERSIFIED SERVICES, INC., and another, Respondents, vs. DIGGLES, Commissioner of Savings and . Loan Department, Appellant.

*January 10—February 7, 1956.*

For the appellant there was a brief by the *Attorney General* and *Roy G. Tulane,* assistant attorney general, and oral argument by *Mr. Tulane.*

For the respondents there was a brief by *H. A. Degen* of Minneapolis, Minnesota, and *Lees & Bunge* of La Crosse, and oral argument by *John S. Coleman* of La Crosse.

MARTIN, J.    Sec. 216.01, Stats., provides:

"No person and no copartnership, association, or corporation, whether local or foreign, heretofore organized or which may hereafter be organized, doing business as a so-called investment, loan, benefit, co-operative, home, trust, or guarantee company, for the licensing, control and management of which there is no law now in force in this state, and which such person, copartnership, association, or corporation, shall solicit payments to be made to himself or itself either in a lump sum, or periodically, or on the instalment plan, issuing therefor so-called bonds, shares, coupons, certificates of membership, or other evidences of obligation or agreement, or pretended agreement to return to the holder or owners thereof money or anything of value at some future date, shall solicit or transact any business in this state unless such person, copartnership, association, or corporation, shall have first complied with all the provisions prescribed in chapter 215 of the statutes required of foreign savings and loan associations authorized to do business in this state."

Sec. 216.02, Stats., makes all the provisions of ch. 215, Stats., with respect to foreign savings and loan associations applicable to the corporations described in sec. 216.01.

Sec. 215.82, Stats., requires that foreign savings and loan associations deposit $500,000 with the state treasurer in trust for the security of its Wisconsin members and states that said deposit may consist of United States bonds or treasury notes or Wisconsin municipals.

Appellant concedes that the respondents' proposed operations are in interstate commerce and that congress could, if it so intended, pre-empt the field and render state regulation of investment-company transactions inoperative.   The trial court found that the federal government had pre-empted the field.   Appellant does not dispute the fact that by the adop-

tion of the Investment Company Act of 1940, 15 USCA, sec. 80a, the federal government has undertaken to regulate and control investment companies such as the respondents, but argues that the act itself evidences an intention on the part of congress to allow states to continue to exercise jurisdiction, concurrent with that of the federal government, in matters involving such regulation. There may be some merit to the argument. The act (15 USCA, sec. 80a–49) provides that nothing therein shall affect the jurisdiction of any state over any person, security, or transaction, in so far as such jurisdiction does not conflict with its provisions or regulations thereunder.

We do not find it necessary, however, to decide the question of pre-emption of the field. Both appellant and respondents agree that the only question presented on this appeal is whether the respondents are required under secs. 216.01 and 215.82 (1) and (3), Stats., to deposit $500,000 with the state treasurer as a condition precedent to doing business in Wisconsin. Whether the Investment Company Act of 1940 pre-empts the field or not, it is clear that if the deposit requirements of this state conflict with any of the provisions of the act, they are void and unenforceable. In our opinion, such a conflict does exist.

In requiring a deposit with the federal government "for the protection of investors," congress defined "qualified investments" as "investments of a kind which life insurance companies are permitted to invest in or hold under the provisions of the code of the District of Columbia as heretofore or hereafter amended, and such other investments as the commission shall by rule, regulation, or order authorize as qualified investments." 15 USCA, sec. 80a–28b. Investments qualified for deposit under sec. 215.82, Stats., are defined in sub. (3) thereof as "bonds or treasury notes of the United States, or bonds of any city, village, town, or county of this state." In this difference lies the conflict of

Wisconsin jurisdiction with the provisions of the federal act. The federal provisions therefore control and render the state requirement inoperative. The rule is so elementary as to require no citation of authority.

There is no question that the securities authorized for deposit under our statute yield to the holder far less return than those authorized under the federal act. While it is true that they would qualify under the federal act, the converse is not true; investments which would qualify under the federal act would not qualify under the Wisconsin statute. In our opinion of this case, since it is conceded that the only question presented is whether the Wisconsin deposit requirements apply to the respondents, the difference in these definitions is particularly significant in that it compels the conclusion that the Wisconsin deposit provisions place an undue burden on interstate commerce. The requirement that foreign investment companies deposit in this state securities which have a lower interest yield than those authorized for deposit with the federal government amounts to an exaction by the state of Wisconsin for the privilege of doing interstate business. Furthermore, it would accomplish nothing since its purpose is the same as that of the federal act—the protection of investors. Wisconsin investors receive the protection of the federal deposit and a separate deposit in this state would give them no more than they already have.

The trial court held that the provisions of ch. 189, Stats., are applicable to the business operations of the respondents and respondents do not object to that. There is some argument by the appellant that ch. 189 does not provide for the "licensing, control and management" of corporations to which the legislature intended sec. 216.01, Stats., to apply. It is not necessary to discuss the question in view of our decision on the applicability of secs. 216.01 and 215.82.

*By the Court.*—Judgment affirmed.